R. C. LINDSEY PLUMBING, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
R.C. Lindsey Plumbing, Inc. v. Commissioner
Docket No. 6900-86.
United States Tax Court
T.C. Memo 1988-73; 1988 Tax Ct. Memo LEXIS 99; 55 T.C.M. (CCH) 196; T.C.M. (RIA) 88073; February 24, 1988. R. C. Lindsey, an officer, for the petitioner. J. Michael Melvin, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: This case is before the Court on petitioner's Motion for Litigation Costs, filed on April 20, 1987, pursuant to Rule 231 and section 7430. [1] Respondent filed his Notice of Objection to Motion for Litigation Costs on June 29, 1987. On July 29, 1987, petitioner filed an Answer to Commissioner's Objections For Litigation Costs, an Additional Affidavit, and *101 a Motion to Strike all references to Lindsey v. Commissioner, docket No. 11364-86. FINDINGS OF FACT Respondent determined deficiencies in Federal income taxes and additions to tax as follows:
Additions to Tax Under
Tax Year Ended
Deficiency
Section 6653(a)(1)
6653(a)(2)
December 31, 1982
$ 431
$ 22
*
December 31, 1983
$ 934
$ 47 **
Petitioner filed a petition to commence this action on March 17, 1986. Petitioner, a Florida corporation, had its principal office at 6368 Held Court, Stuart, Florida, 33497 when its petition was filed. Richard C. Lindsey (Lindsey) is the president of petitioner and a stockholder of petitioner. In a related case, Richard C. Lindsey v. Commissioner of Internal Revenue, docket No. 11364-86, respondent determined *102 deficiencies and additions to tax with respect to Lindsey's Federal income taxes for the taxable years 1982 and 1983 in the dollar amount of $ 1,947.90 as well as additions to tax under section 6653(a)(2). Lindsey filed his petition as a "Sovereign Free Man," who resides at the same address as petitioner, on April 28, 1986. On that date, Lindsey designated Miami, Florida as the place of trial of his case. On March 17, 1986, Lindsey had designated Jacksonville, Florida as the place of trial for petitioner's case. Respondent filed his answer in this case on May 5, 1986. Respondent filed his answer in docket No. 11364-86 on June 23, 1986, and requested that the Court award damages to the United States pursuant to section 6673. The parties reached a basis of settlement in both cases at the Appeals Division level of the Internal Revenue Service. Lindsey signed the stipulated decision document in this case on February 12, 1987, respondent signed it on February 19, 1987, and the Court entered it on March 20, 1987. The Court vacated that decision on April 29, 1987, petitioner having filed its motion for litigation costs on April 20, 1987. In his personal case, Lindsey signed the *103 stipulated decision document on February 17, 1987, respondent signed it on February 23, 1987, and the Court entered it on March 6, 1987. Pursuant to the agreement of the parties, the decision in this case will determine that there were no deficiencies or overpayments of tax for the taxable years 1982 and 1983, and that there were no additions to tax due for those years. Pursuant to the agreement between Lindsey and respondent, the decision in the related case determined that there were deficiencies of $ 891 for the two years involved, that no additions to tax were due, and that no award for damages under section 6673 would be sought. A comparison of the substantive adjustments in the notice of deficiency and as a result of the settlement between the parties in this case follows: 1982
Notice of
Adjustments
Deficiency
Settlement
Purchases
$ 4,138.00 $ 3,229.00 Net Operating
Loss Deduction
(8,000.00)
(10,870.29)
Bad Debts
2,160.00 2,160.00 Taxes
3,173.00 3,173.00 Other Income -
Employee Benefits
150.00 - 0 -  Other Deductions
9,384.00 8,818.00 Contributions
(299.00)
- 0 - Legal Fees of
Shareholders/President
as Compensation [2] --
(5,804.00)
*104 1983
Notice of
Adjustments
Deficiency
Settlement
Net Operating
Loss Deduction
$ 8,012.00 $   705.71 Taxes
4,514.00 4,505.87 Other Income -
Employee Benefits
150.00 - 0 -  Other Deductions
5,148.00 5,126.90 Contributions
(560.00)
- 0 -  Legal Fees of Shareholders/President
as Compensation [3]
--    (1,876.00)
Petitioner's corporate returns as filed showed losses of ($ 8,012) and ($ 11,038) for 1982 and 1983, respectively. As a result of the settlement those losses were reduced to ($ 7,306.29) and ($ 2,575.52) for 1982 and 1983, respectively. In the related Lindsey case, respondent determined increases in income for interest income, safety award income, constructive dividend income, and other income. The settlement of that related case resulted in total deficiencies of $ 891 as compared to $ 1,947.90 in deficiencies and dollar additions to tax determined by respondent in the notice of deficiency for 1982 and *105 1983. In his motion, petitioner sought an award of litigation costs as follows: Filing Fee
$    60.00
Accountant's Fee
725.00
Counsel's Fees:
In office time of 42.3 hours
3,172.50
Out of office time of 6.5 hours
812.50
Certified Mail Fees
10.31
$ 4,780.31
In the Additional Affidavit, petitioner increased its claim for accountant's fees to $ 825 and for counsel fees to $ 5,800. The Additional Affidavit makes clear that the counsel's fee was for the services of Lindsey as counsel for petitioner and states that the fee arrangement with the corporation "was to the effect that this case be handled as part of his regular duties, and regular salary, with a bonus if he substantially prevailed and was awarded costs by the court." Lindsey is not an attorney at law. OPINION Generally a taxpayer may be awarded reasonable litigation costs in civil tax proceeding if he is the prevailing party as defined in section 7430. Sec. 7430(a). To qualify as such, the taxpayer must (1) establish that the position of the United States in the civil proceeding was not substantially justified; (2) have substantially prevailed in the litigation with respect *106 to the amount in controversy or the most significant issue or set of issues; and (3) have a net worth which does not exceed $ 2,000,000. Sec. 7430(c)(2)(A). Further, litigation costs shall not be awarded unless the prevailing party has exhausted his administrative remedies. Sec. 7430(b)(1). No award for reasonable litigation costs may be made with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these conjunctive requirements must be met for an award to be made. ; see also . Further, in 1986 Congress added Section 7430(c)(4) to provide that the term "position of the United States" includes: (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. [Sec. 1551, Pub. L. 99-514, 100 Stat. 2752. Emphasis added.]
Under this statute, this Court's *107 application of the substantially justified standard to administrative actions or inactions prior to the institution of a proceeding is limited to the period beginning with the point at which District Counsel has become involved. As a preliminary matter, petitioner's Motion to Strike all references to Lindsey v. Commissioner, docket No. 11364-86 will be denied. We deem it appropriate to treat this case and docket No. 11364-86 as one civil proceeding since they were multiple actions which could have been joined or consolidated. Section 7430(d). [4] In petitioner's Motion to Strike, the statement is made that if the motion is denied by the Court, Lindsey will move for an extension of time to file a claim for litigation costs in docket No. 11364-86. Congress has granted this Court the authority to award the United States damages up to $ 5,000 whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Section 6673. In light of our view of this proceeding, if Lindsey should do so, *108 the Court will be inclined to consider the award of damages to the United States under section 6673. We turn to the question of whether respondent's position was "substantially justified." This Court and the Eleventh Circuit have stated that the "substantially justified" standard under the Equal Access To Justice Act is one of "reasonableness." ; ; *109 . Since an appeal in the instant case would lie to the Eleventh Circuit Court of Appeals, we will continue to interpret "substantially justified" under section 7430 to mean "reasonable." ; See , affd. . District Counsel first became involved in this case in the course of answering the petition. In this case, petitioner has not established that the position of the United States since that point in time was not reasonable. The answers in these related cases were filed on May 5 and June 23, 1986. The issues were primarily substantiation issues. The issues included unreported income from outside sources as well as from payments to Lindsey by petitioner or because of Lindsey's use of petitioner's corporate property. As a result of settlement negotiations, the parties in each case settled their differences by February 19, 1987 and February 23, 1987, respectively. Thus, both cases were settled in approximately a nine-month period. In , *110 the Eleventh Circuit held the government was reasonable even though it conceded the case eleven months after the complaint was filed. In that case, the case was conceded in approximately a nine-month period after the answer was filed. When we consider that Lindsey requested different trial cities for what are related cases, we believe respondent acted expeditiously in settling these cases. When we review the settlement in this case, we find that there are substantial increases in income for various items. As a result, petitioner's net operating losses for 1982 and 1983 are reduced from ($ 8,012.00) to ($ 7,306.29) and from ($ 11,038.00) to ($ 2,575.52). As respondent correctly points out, this has the effect of reducing potential carrybacks and carryforwards to other more profitable years of petitioner. In Lindsey's case, the deficiencies totaled $ 891.00 or almost half of the $ 1,947.90 in deficiencies and dollar additions to tax determined in the notice of deficiency. Thus, even though the settlement of petitioner's case will result in no deficiencies for 1982 and 1983 and settlement of Lindsey's case is in a lesser amount, these are not cases wholly conceded by respondent. *111 Even if they were, that would not in and of itself make respondent's position in this proceeding unreasonable. This Court has explained that: "Concession of a case does not mean that the conceding party's position in the civil proceeding was unreasonable." , revd. on other grounds . The Court of Appeals in Baker at 644 referred to this explanation with approval and stated that: "As the Tax Court correctly stressed, the Commissioner's concession of a case does not automatically mean that his position in the civil proceeding was unreasonable." To the same effect, ;
We conclude that respondent acted reasonably during the course of the proceedings before this Court. Since petitioner has failed to establish that the position of the United States was not substantially justified, petitioner is not the prevailing party under section 7430. We find it unnecessary to determine the other grounds under Section 7430 which would preclude an award of litigation costs in this proceeding. To reflect *112 the foregoing, An appropriate order will be issued and an appropriate decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in question, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest due on the $ 431 underpayment of tax due to negligence. ** 50% of the interest due on the $ 934 underpayment of tax due to negligence.↩
2. This issue was not in the notice of deficiency. Respondent avers that it was raised for the first time after the mailing of the notice of deficiency. ↩
3. See footnote 2, supra.↩
4. Section 7430(d) provides as follows: (d) MULTIPLE ACTIONS. -- For purposes of this section, in the case of -- (1) multiple actions which could have been joined or consolidated, or (2) a case or cases involving a return or returns of the same taxpayer (including joint returns of married individuals) which could have been joined in a single proceeding in the same court,
such actions or cases shall be treated as one civil proceeding regardless of whether such joinder or consolidation actually occurs, unless the court in which such action is brought determines, in its discretion, that it would be inappropriate to treat such actions or cases as joined or consolidated for purposes of this section. ↩